IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LUIS ALBERTO QUINTERO-JIMENEZ (01),<br><br>    Defendant. | Case No. 17-20038-01-DDC |

### MEMORANDUM AND ORDER

Defendant Luis Alberto Quintero-Jimenez has submitted a letter (Doc. 1006) that the court construes as a pro se Motion to Appoint Counsel to assist with a putative § 2255 motion.[1] It asks the court to appoint an attorney and a translator "so that [he] could file a 2255 Motion." Doc. 1006 at 1.  For reasons explained below, the court denies his motion.

**I.   Legal Standard**

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).  The Supreme Court has explained that there is no "general obligation of the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." *Johnson v. Avery*, 393 U.S. 483, 488 (1969).  "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes

---

[1]   Because Mr. Quintero-Jimenez proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not assume the role of advocate for a pro se litigant. *Id*.

initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." *Id*. at 487.

## II.  Discussion

Here, Mr. Quintero-Jimenez asks for appointed counsel so he can file a § 2255 motion. *See* Doc. 1006 at 1.  When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, a district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (considering the appointment of counsel for indigents under 28 U.S.C. § 1915).  Several of these factors presuppose the existence of a claim for relief, and Mr. Quintero-Jimenez has presented no such claim for the court to evaluate.  While his motion seeking counsel forecasts a future request for relief under § 2255, until he actually files that motion, the court can't evaluate that potential claim under the relevant factors.

In sum, after considering Mr. Quintero-Jimenez's letter seeking appointment of counsel, the court concludes that appointment of counsel is not warranted.

**IT IS THEREFORE ORDERED THAT** Luis Alberto Quintero-Jimenez's letter to the court, construed as a Motion to Appoint Counsel (Doc. 1006), is denied.

**IT IS SO ORDERED.**

**Dated this 4th day of April, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
